# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**STEVEN C. HEISER,**

    **Applicant,**

**v.**                                                        **Case No. 8:18-cv-1365-TPB-AEP**

**SECRETARY, DEPARTMENT**
**OF CORRECTIONS,**

    **Respondent.**
_____/

## ORDER

Steven C. Heiser, proceeding *pro se*, applies for the writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1) Upon consideration of the application, the response in opposition (Doc. 10), and Heiser's reply (Doc. 13), the Court orders that the application is dismissed as time-barred.

## Procedural History

A jury convicted Heiser of robbery with a firearm on August 6, 1992. (Doc. 10-2, Ex. 9) On August 27, 1992, the state court sentenced Heiser to life in prison. (Doc. 10-2, Exs. 10 and 11) The state appellate court *per curiam* affirmed the conviction and sentence on April 22, 1994. (Doc. 10-2, Ex. 15)

Heiser unsuccessfully challenged his conviction and sentence in collateral proceedings between 1996 and 2014. In 2015, Heiser filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a).

(Doc. 10-3, Ex. 68) He argued that his sentence did not include the three-year mandatory minimum term required by § 775.087(2), Fla. Stat. (1991), for possession of a firearm during the commission of the offense. The state court granted Heiser's motion "[t]o the extent that [Heiser] has identified the absence of a minimum mandatory sentence[.]" (Doc. 10-3, Ex. 72, p. 2) The court scheduled a "limited resentencing" hearing for December 1, 2016. (*Id.*)

At the hearing, the state court amended Heiser's sentence to include the three-year mandatory minimum term but denied Heiser's request for a *de novo* resentencing hearing. (Doc. 10-3, Exs. 73-75) Heiser appealed the state trial court's denial of a *de novo* resentencing hearing. (Doc. 10-3, Exs. 76 and 77) The state appellate court *per curiam* affirmed the state trial court's ruling. (Doc. 10-3, Ex. 79)

## Timeliness of Heiser's § 2254 Application

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). The AEDPA provides a one-year limitations period for filing a § 2254 habeas application. This period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Heiser's judgment became final in 1994, before the AEDPA's enactment. "For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996." *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999); *see also Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209 (11th Cir. 1998).

Heiser filed a motion for postconviction relief on April 9, 1996, shortly before the AEDPA's effective date. (Ex. 17) That motion remained pending, thereby tolling Heiser's AEDPA limitations period, until the state appellate court issued the mandate on October 28, 1996. (Ex. 21)[1] The limitations period began to run the next day, October 29, 1996. Therefore, Heiser had until October 29, 1997, to file his § 2254 application absent any properly-filed state court tolling applications.

Heiser's second postconviction motion, filed on September 10, 1997, was dismissed as successive and time-barred. (Exs. 23 and 24) Because the second postconviction motion was untimely, it was not "properly filed" and did not toll the limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (stating that an untimely postconviction motion is not properly filed and that "[w]hen a postconviction petition is untimely under state law, that [is] the

---

[1] A postconviction motion is pending until the state appellate court's mandate issues. *Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000).

end of the matter for purpose of § 2244(d)(2).") (internal quotation marks and citation omitted). Heiser did not file any other collateral challenge in state court prior to the expiration of the one-year limitations period on October 29, 1997. Therefore, if the limitations period runs from the AEDPA's effective date, Heiser's § 2254 application, filed June 1, 2018, is untimely.

But Heiser's § 2254 application would be timely if he is entitled to a new AEDPA limitations period as a result of the December 2016 amendment to his sentence. As addressed, Heiser appealed the state trial court's denial of his request to conduct a *de novo* resentencing hearing. This appeal remained pending, tolling the limitations period, until the state appellate court's mandate issued on March 5, 2018. (Doc. 10-3, Ex. 82) Heiser's § 2254 application was filed less than one year later.

Heiser contends that the 2016 amendment resulted in a new judgment that re-started the AEDPA limitations period.[2] While Respondent states that Heiser's § 2254 application "appears" timely based on the December 2016

---

[2] Heiser asked the state court to impose the three-year mandatory minimum term for the purpose of attempting to re-start the AEDPA limitations period. At the December 2016 hearing, he stated:

> When I initially filed my 3.800(a) motion for which we stand here today, I did so because I knew that if it was granted, the modification of adding a mandatory minimum three years to [sic] the firearm would restart the one-year statute of limitations. Basically, I would be allowed to continue to litigate my judgment and conviction in the federal court under a new one-year clock.

(Doc. 10-3, Ex. 73, p. 9)

amendment, Respondent's position does not bind this Court. *See Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that a district court has discretion to raise *sua sponte* the timeliness of an application under § 2254); *see also Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653-54 (11th Cir. 2020) (recognizing a district court's authority to consider timeliness *sua sponte*).

The Court concludes that the December 2016 amendment to Heiser's sentence did not result in a new judgment that re-started the AEDPA limitations period. For purposes of AEDPA's limitations period, "there is one judgment, comprised of both the sentence and conviction." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014) (citing *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1292 (11th Cir. 2007)). "[A] state prisoner's AEDPA limitations period does not begin to run until both his conviction and sentence become final." *Thompson v. Fla. Dep't of Corr.*, 606 F. App'x 495, 501 (11th Cir. 2015).[3]

A change to a sentence after its imposition may result in a new judgment that re-sets the AEDPA limitations period. In determining whether a new judgment has been entered, "[t]he relevant question is not the magnitude of the change, but the issuance of a new judgment *authorizing* the

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

prisoner's confinement." *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1326-27 (11th Cir. 2017) (emphasis in original).

For instance, a new judgment may be entered when the state court takes action such as conducting a "new" sentencing hearing, changing the term of imprisonment, or entering a "new" judgment and sentence committing the applicant to the custody of prison officials. *See id.* at 1325-26 (citing *Magwood v. Patterson*, 561 U.S. 320, 326, 339 (2010) and *Insignares*, 755 F.3d at 1277).

Not every change to a prisoner's sentence results in a new judgment for purposes of the AEDPA limitations period, however. In *Patterson*, the state trial court removed a term of Patterson's sentence requiring him to undergo chemical castration. *Id.* at 1324. The Eleventh Circuit determined that no new judgment was entered when the state trial court "did not vacate Patterson's sentence and replace it with a new one", did not "direct the Department of Corrections to hold Patterson or perform any affirmative act", and did not "issue a new judgment authorizing Patterson's confinement." *Id.* at 1324-27; *see also Booth v. Sec'y, Fla. Dep't of Corr.*, 729 F. App'x 861, 862-63 (11th Cir. 2018) (holding that the state court did not enter a new judgment when its order made a "ministerial correction" to Booth's sentence but did not authorize Booth's confinement or vacate his sentence and replace it with a new sentence); *Mosier v. Sec'y, Fla. Dep't of Corr.*, 719 F. App'x 906, 907-08

(11th Cir. 2017) (rejecting a claim that jail credit award resulted in a new judgment because the state court did not issue any new judgment authorizing Mosier's confinement when it granted him additional credit for time served).

The record shows that the state court only amended Heiser's sentence to address the omission of the mandatory minimum term. At the December 2016 hearing, the state trial judge noted that the state appellate court affirmed Heiser's judgment and sentence in all respects, and stated that "this is not for the purpose of resentencing." (Doc. 10-3, Ex. 73, p. 8) When Heiser's counsel asked the court to clarify for the record that the court believed it lacked discretion to "touch his underlying case," the court said:

> I don't believe I have any discretion. The matter before the Court is for the Court to correct an illegal sentence in that the three-year minimum mandatory was not imposed as it must have been - - should have been imposed at the time of sentencing.
>
> Therefore, the Court will amend the judgment and sentence imposed solely for the purpose of imposing a three-year mandatory minimum sentence for the use of a firearm, and in all other respects, the original sentence and judgment shall stand.

(*Id*, pp. 19-20)[4]

---

[4] The state court's written "order on motion" states:

> [T]he Court makes these findings:
> Court amends sentence solely to reflect a 3 year min mand pursuant to 775.087
> -In all other respects the original judgment + sentence stand
> -Court directs Clerk to prepare amended judgment + sentence

(Doc. 10-3, Ex. 74)

Accordingly, the 1992 sentencing document was amended with "corrected special provisions" pages providing for the imposition of the three-year term under § 775.087, Fla. Stat. (Doc. 10-3, Ex. 75) Respondent's 1992 authorization to take custody of Heiser following his conviction at trial was not affected by the 2016 amendment to Heiser's sentence. Indeed, the portion of the 1992 sentencing document committing Heiser to the Department of Corrections was not amended in 2016. (*Id.*, p. 4) The state trial court did not vacate Heiser's earlier sentence and impose a new one, did not alter the overall term of imprisonment,[5] and did not alter Respondent's pre-existing authority to confine Heiser. Rather, the December 2016 amendment corrected an oversight in the original judgment by imposing a mandatory minimum term that, as the state court noted, "should have been imposed at the time of sentencing." These circumstances support the conclusion that no new judgment was entered for purposes of the AEDPA limitations period.

In addition, the amended sentencing document states, "Nunc pro tunc to August 27, 1992. Corrected per court order dated December 1, 2016." (Doc. 10-3, Ex. 75, p. 7) The *nunc pro tunc* designation is important because "under Florida law, nunc pro tunc means now for then and when a legal order or judgment is imposed nunc pro tunc it refers, not to a new or de novo decision,

---

[5] On appeal, Heiser acknowledged that he had "long satisfied" the three-year mandatory minimum term. (Doc. 10-3, Ex. 77 pp. 4-5)

but to the judicial act previously taken, concerning which the record was absent or defective." *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1266 (11th Cir. 2020) (internal quotation marks, brackets and citation omitted); *see also Goodloe v. Sec'y, Dep't of Corr.*, 823 F. App'x 801, 804 (11th Cir. 2020) ("[T]he [Florida] state court entered the correction [to the prisoner's sentence] nunc pro tunc which take[s] effect as of the date of the judgment . . . so corrected.") (internal quotation marks and citation omitted).

Accordingly, the Eleventh Circuit found in *Osbourne* that "because the correction to the sentence was imposed nunc pro tunc, under Florida law the . . . amended sentence related back to the date of the initial judgment and was not a 'new judgment' for purposes of § 2244." 968 F.3d at 1267. The fact that the December 2016 amendment was *nunc pro tunc* to Heiser's 1992 sentencing date further supports the conclusion the December 2016 amendment did not result in a new judgment that re-started Heiser's AEDPA limitations period.

Heiser's application must be dismissed as time-barred. Heiser has 28 days to move under Rule 59(e), Federal Rules of Civil Procedure, to alter or amend the judgment if he disagrees with the Court's timeliness determination. Heiser must show (1) that the determination of untimeliness is incorrect, (2) that he is entitled to a delayed start of the limitation under

another provision in § 2244(d)(1),[6] (3) that he is entitled to equitable tolling,[7] or (4) that he is actually innocent.[8]

---

[6] Section 2244(d)(1)(A) calculates the limitation from when the conviction became final. The statute permits a delayed start of the limitation at three additional times:

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[7] The application fails to disclose a basis for equitable tolling. Heiser bears the burden of proving entitlement to equitable tolling. *Jones v. United States*, 304 F.3d 1035, 1040 (11th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003). "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Negligence is not a proper basis for equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007) ("[C]ounsel's mistake in miscalculating the limitations period . . . is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."). *See also Helton v. Sec'y, Dep't of Corr.*, 259 F.3d 1310, 1313 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080 (2002), *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000), and *Sandvik v. United States*, 177 F.3d at 1271–72. A deficient prison law library is not an "extraordinary circumstance" justifying equitable tolling, *Helton*, 259 F.3d at 1313–14, and limited or restricted access to a prison law library justifies no equitable tolling. *See also Miller v. Florida*, 307 F. App'x 366, 367–68 (11th Cir. 2009) ("[E]ven restricted access to a law library, lock-downs, and solitary confinement do not qualify as [extra]ordinary circumstances warranting equitable tolling."). Ignorance of one's legal rights is not an "extraordinary circumstance" justifying equitable tolling. *Jackson v. Asture*, 506 F.2d 1349, 1356 (11th Cir. 2007).

[8] The application fails to disclose a basis for a claim of "actual innocence," which is sometimes identified as "manifest injustice." Heiser bears the burden of proving that he is actually innocent of the criminal offense. *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency."). To prove his innocence Heiser must present "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The new "'evidence of innocence [must be] so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial

It is therefore **ORDERED** that Heiser's application (Doc. 1) is **DISMISSED AS TIME-BARRED**. The **CLERK** is directed to enter judgment against Heiser and to **CLOSE** this case.

It is further **ORDERED** that Heiser is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a court must first issue a certificate of appealability. Section 2253(c)(2) permits issuing a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Heiser must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because the application is time-barred, Heiser is entitled to neither a certificate of appealability nor leave to appeal *in forma pauperis*.

---

was free of nonharmless constitutional error.' [*Schlup*,] 513 U.S. at 316." *McQuiggin, Warden, v. Perkins*, 569 U.S. 383, 401 (2013). The new evidence must show "that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt . . . ." *House v. Bell*, 547 U.S. 518, 538 (2006).

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Heiser must obtain permission from the circuit court to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 21st day of September, 2021.

_____
 **TOM BARBER**
 **UNITED STATES DISTRICT JUDGE**